

1 | MARC J. FAGEL (Cal. Bar No. 154425)
MARK P. FICKES (Cal. Bar No. 178570)
2 |   fickesm@sec.gov
SUSAN L. LAMARCA (Cal. Bar No. 215231)
3 |   lamarcas@sec.gov
JEREMY E. PENDREY (Cal. Bar No. 187075)
4 |   pendreyj@sec.gov

5 | Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
6 | 44 Montgomery Street, Suite 2600
San Francisco, California 94104
7 | Telephone: (415) 705-2500
Facsimile: (415) 705-2501

8

9

10

11

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

12 | SECURITIES AND EXCHANGE COMMISSION,

Case No. **CV 08 3517**

13 |      Plaintiff,

14 |   vs.

**[PROPOSED] TEMPORARY RESTRAINING ORDER**

15 | ROBERT C. BROWN, JR. AND TREBOR COMPANY
16 | (AKA TREBOR INVESTMENT COMPANY, TREBOR
SEMINARS, TREBOR GROUP AND TREBOR GROUP
17 | FUND),

18 |      Defendants,

19 |   and

20 | DUANE EDDINGS, CDC GLOBAL, INC. AND WISE
INVESTORS SIMPLY EXCEL, LLC,
21

22 |      Relief Defendants.

23

24 | This matter came before the Court on the *ex parte* application of plaintiff Securities and

25 | Exchange Commission ("Commission") for a temporary restraining order. The Court has received

26 | and considered the Commission's complaint, application, memorandum of points and authorities and

27 | the declarations of Mark Fickes, Jeremy Pendrey, William Michael McCombe, Patrick Whitfield,

28

1  Teresa Bunch and all exhibits attached to those declarations, and all other submissions, written or

2  oral, at or before the hearing.  Good cause appearing, the Court finds:

3      1.    This Court has jurisdiction over the parties and the subject matter of this action,

4  pursuant to Sections 21(d)(3), 21(e), and 27 of the of the Securities Exchange Act of 1934

5  ("Exchange Act") and Sections 209(d) and 214 of the Investment Advisers Act of 1940 ("Advisers

6  Act").  15 U.S.C. §§ 78u(d), 78u(e), 80b-9 and 80b-14.

7      2.    This District is an appropriate venue for this action pursuant to Section 27 of the

8  Exchange Act and Section 214 of the Advisers Act.  15 U.S.C. §§ 78aa and 80b-14.

9      3.    The Commission has demonstrated a likelihood of success on the merits of its action

10  and that the balance of hardships weighs in its favor.  With respect to the balance of hardships, the

11  public interest weighs strongly in favor of issuance of injunctive relief.

12      4.    Good cause exists to believe that defendants Robert C. Brown, Jr. and Trebor

13  Company ("defendants") have engaged in, are engaging in, and are about to engage in transactions,

14  acts, practices and courses of business which constitute and will constitute violations of Section 10(b)

15  of the Exchange Act, 15 U.S.C. § 78(j), and Rule 10b-5 thereunder, 17 C.F.R. §240.10b-5, and

16  Sections 206(1) and (2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) & (2).

17      5.    Good cause exists to believe that defendants will continue to engage in such acts and

18  practices and in such violations of the statutes and rules set forth above to the immediate and

19  irreparable loss and damage to investors and to the general public unless restrained and enjoined by

20  order of this Court.

21      6.    Good cause exists to believe that relief defendants Duane Eddings, CDC Global, Inc.

22  and Wise Investors Simply Excel LLC received funds belonging to other persons to which they do

23  not have a superior legal right or claim.

24      7.    Good cause exists to believe that immediate and irreparable injury will occur with

25  respect to the defendants' and relief defendants' assets, including those held by each individually and

26  those they hold jointly, which would adversely affect the ability of the Court to grant final effective

27  relief in equity and at law, unless the defendants and relief defendants are immediately restrained and

28

1  enjoined from controlling those assets, required to repatriate assets, and required to account to the

2  Court for those assets.

3    8.    Good cause exists to believe that there is an immediate and irreparable risk of injury to

4  or loss of defendants' records, unless defendants are immediately restrained and enjoined from

5  destroying them.

6    9.    Good cause exists to permit immediate discovery by the parties under the Federal

7  Rules of Civil Procedure to allow the parties to present facts to the Court at the hearing to determine

8  whether a preliminary injunction should be issued.

9    Therefore,

10                                    I.

11    IT IS ORDERED THAT defendants Robert C. Brown, Jr., and Trebor Company, and their

12  respective officers, agents, servants, employees, attorneys, and those persons in active concert or

13  participation with any of them, who receive actual notice of this Order, by personal service or

14  otherwise, and each of them, are temporarily restrained and enjoined from, directly or indirectly, in

15  connection with the purchase or sale of any securities, by the use of any means or instrumentality of

16  interstate commerce, or of the mails, or of any facility of any national securities exchange:

17    A.    employing any device, scheme or artifice to defraud;

18    B.    making any untrue statement of a material fact or omitting to state a material fact

19        necessary in order to make the statements made, in the light of the circumstances

20        under which they were made, not misleading; or

21    C.    engaging in any act, practice, or course of business which operates or would operate as

22        a fraud or deceit upon any person;

23  in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5,

24  17 C.F.R. § 240.10b-5.

25                                    II.

26    IT IS FURTHER ORDERED THAT defendants Robert C. Brown, Jr., and Trebor Company,

27  and their respective officers, agents, servants, employees, attorneys, and those persons in active

28  concert or participation with any of them, who receive actual notice of this Order, by personal service

1  or otherwise, and each of them, are temporarily restrained and enjoined from, directly or indirectly,

2  by the use of any means or instrumentality of interstate commerce:

3       A.    Employing any device, scheme, or artifice to defraud any client or prospective client;

4       B.    Engaging in any transaction, practice or course of business which operates as a fraud

5              or deceit upon any client or prospective client;

6  in violation of Sections 206(1) and (2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) & (2).

7                 III.

8       IT IS FURTHER ORDERED THAT defendants Robert C. Brown, Jr., and Trebor Company,

9  and their respective officers, agents, servants, employees, attorneys, and those persons in active

10  concert or participation with any of them, who receive actual notice of this Order, by personal service

11  or otherwise, and each of them, are temporarily restrained and enjoined from transferring, assigning,

12  selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or

13  otherwise disposing of, in any manner, their own funds, assets, securities, claims, or other property

14  wherever located, as well as any of the funds, assets, securities, claims or other property of relief

15  defendants Duane Eddings, CDC Global, Inc. and Wise Investors Simply Excel LLC including, but

16  not limited to, the accounts opened or maintained in the names of Robert C. Brown, Jr., Trebor

17  Company, Duane Eddings, CDC Global, Inc. and Wise Investors Simply Excel LLC, at the following

18  financial institutions and brokerage firms:

19       1.    Bank of America

20       2.    Wells Fargo

21       3.    Union Bank of California

22       4.    TD Ameritrade, Inc.

23       5.    TD Waterhouse Canada Inc.

24                 IV.

25       IT IS FURTHER ORDERED THAT an immediate freeze shall be placed on all monies and

26  assets in all accounts at any bank, financial institution or brokerage firm holding accounts in the name

27  or for the benefit of Robert C. Brown, Jr., Trebor Company, Duane Eddings, CDC Global, Inc. and

28  Wise Investors Simply Excel LLC, and that all banks, financial institutions and brokerage firms

1  holding such accounts shall not permit transactions in such accounts without further order of the

2  Court.

3                                              V.

4          IT IS FURTHER ORDERED THAT defendants Robert C. Brown, Jr. and Trebor Company,

5  and their respective officers, agents, servants, employees, attorneys, and those persons in active

6  concert or participation with any of them, who receive actual notice of this Order, by personal service

7  or otherwise, and each of them, are temporarily restrained and enjoined from directly or indirectly:

8  placing an order for any security for the account of themselves or another person; requesting or

9  effectuating the transfer of funds into or out of any account held at any financial institution or

10  brokerage firm in the name of, or for the benefit of, themselves or any other person by wire,

11  electronic funds transfer, or otherwise; requesting or obtaining access to information regarding any

12  account held at any financial institution or brokerage firm in the name of, or for the benefit of, any

13  other person.  Nothing in this Order shall be deemed to limit the defendants' right to seek information

14  from parties, or third parties, through the means available under the Federal Rules of Civil Procedure.

15                                             VI.

16         IT IS FURTHER ORDERED THAT defendants Robert C. Brown, Jr. and Trebor Company

17  shall file with this Court and serve upon the Commission, within five (5) court days of this Order, a

18  sworn accounting of:

19         a.      all securities, funds, real estate, and other assets held in defendants' name, or in

20                 which defendants have had any direct or indirect beneficial interest, stating the

21                 location of each of the assets;

22         b.      each account with any financial institution or brokerage firm maintained in the

23                 name of Robert C. Brown, Jr., Trebor Company, Duane Eddings, CDC Global,

24                 Inc. and Wise Investors Simply Excel LLC, or in which any such persons or

25                 entities have or had any direct or indirect beneficial interest;

26         c.      every transaction in which any funds or other assets of any kind were transferred

27                 to or from the brokerage firm or financial institution account of any person to or

28                 from the defendants, or the relief defendants, or the account of any person or entity

1               that either defendants or the relief defendants control or over which they exercised

2               control;

3       d.      every transaction in which any funds or other assets of any kind were transferred

4               from Robert C. Brown, Jr., Trebor Company, Duane Eddings, CDC Global, Inc.

5               and/or Wise Investors Simply Excel LLC to any other person or to any entity in

6               which Robert C. Brown, Jr., Trebor Company, Duane Eddings, CDC Global, Inc.

7               and/or Wise Investors Simply Excel LLC had any ownership interest; and

8       e.      all assets, funds, securities, and real or personal property received by Robert C.

9               Brown, Jr. in connection with the providing of investment advice and/or the

10               purchase or sale of securities of any kind, and the disposition of such assets, funds,

11               securities, and real or personal property, including, for each person or entity (i) the

12               specific use to which the investor's money was put, and (ii) each location to which

13               the investor's money was transferred.

14                                 VII.

15     IT IS FURTHER ORDERED THAT defendants Robert C. Brown, Jr. and Trebor Company,

16 and relief defendants Duane Eddings, CDC Global, Inc. and Wise Investors Simply Excel LLC, and

17 their respective officers, agents, servants, employees, attorneys, and those persons in active concert or

18 participation with any of them, who receive actual notice of this Order, by personal service or

19 otherwise, and each of them, shall keep, preserve and maintain all of their books, records, papers,

20 account statements, computers, email, electronic data, journals, data bases, calendars, hard drives,

21 flash drives, or any other documents, materials and media (however created, produced, or stored) that

22 relate to the matters raised in this proceeding.

23                                 VIII.

24     IT IS FURTHER ORDERED THAT defendants Robert C. Brown, Jr. and Trebor Company,

25 and relief defendants Duane Eddings, CDC Global, Inc. and Wise Investors Simply Excel LLC, and

26 their respective officers, agents, servants, employees, attorneys, and those persons in active concert or

27 participation with any of them, who receive actual notice of this Order, by personal service or

28 otherwise, and each of them, within seven (7) days of entry of this order, shall repatriate, and take

1   such steps as are necessary to repatriate to the territory of the United States of America, any and all

2   assets and funds, held by or in the name of or for the benefit of defendants or relief defendants, or

3   over which any of them maintained or maintains and/or exercises or exercised control.

IX.

5       IT IS FURTHER ORDERED THAT the parties may immediately take discovery by any

6   means authorized under the Federal Rules of Civil Procedure.

8   DATED: July ___, 2008

_____

United States District Judge