MARC J. FAGEL (Cal. Bar No. 154425)
MARK P. FICKES (Cal. Bar No. 178570)
  fickesm@sec.gov
SUSAN L. LAMARCA (Cal. Bar No. 215231)
  lamarcas@sec.gov
JEREMY E. PENDREY (Cal. Bar No. 187075)
  pendreyj@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ROBERT C. BROWN, JR. AND TREBOR COMPANY (AKA TREBOR INVESTMENT COMPANY, TREBOR SEMINARS, TREBOR GROUP AND TREBOR GROUP FUND),<br><br>　　　　　Defendants,<br><br>　　and<br><br>DUANE EDDINGS, CDC GLOBAL, INC. AND WISE INVESTORS SIMPLY EXCEL, LLC,<br><br>　　　　　Relief Defendants. | Case No. C 08-03517 CW<br><br>SECURITIES AND EXCHANGE COMMISSION'S STATEMENT RE ORDER TO SHOW CAUSE<br><br>DATE:　August 5, 2008<br>TIME:　2:00 p.m.<br>PLACE:　Courtroom 2, 4th Floor |

**I.     INTRODUCTION**

Plaintiff Securities and Exchange Commission ("Commission") submits this statement re order to show cause to provide the Court with information developed since the entry of the temporary restraining order on July 23, 2008.  The Commission also submits this statement to describe how the legal standard for granting a preliminary injunction, which is slightly different than the standard for granting a restraining order, has been satisfied.

**II.    PROCEDURAL HISTORY**

On July 23, 2008, the Commission filed a complaint against defendants and relief defendants alleging various violations of the federal securities laws.  [Docket No. 1.]  Contemporaneously with the filing of the complaint, the Commission also filed an *ex parte* application for a temporary restraining order along with a memorandum of points and authorities and other supporting documentation (collectively, the "Application").  [Docket Nos. 2-14.]  On July 23, 2008, the Court granted the Commission's requested relief with certain modifications (the "TRO").  [Docket No. 17.]  The Court also issued an order to show cause why a preliminary injunction should not issue that continues the equitable relief granted by the Court (the "OSC") and set a hearing on the OSC for August 5, 2008 at 2:00 p.m.  [Docket No. 18.]

**III.   ADDITIONAL FACTS**

In addition to the facts set forth in the Commission's memorandum of points and authorities in support of the Application, there are a few additional facts of which the Court should be aware.

Defendants Robert C. Brown, Jr. ("Brown") and Trebor Company ("Trebor") were served on July 24, 2008, with the following documents related to this litigation: the summons, complaint, all papers submitted in support of the Application, the TRO, and the OSC.  Declaration of Mark P. Fickes in Support of Securities and Exchange Commission's Statement Re Order to Show Case ("Fickes Decl."), Exs. 1-4; *also see*, Docket Nos. 20-23.  Relief Defendants Duane Eddings ("Eddings"), CDC Global Inc. ("CDC"), and Wise Investors Simply Excel, LLC ("WISE") were served on July 29, 2008, with the following documents related to this litigation: the summons, complaint, all papers submitted in support of the Application, the TRO, and the OSC.  Fickes Decl., Exs. 5-10; *also see*, Docket Nos. 24-29.

On July 28, 2008, the Commission's counsel in this matter sent Eddings an email attaching the TRO and OSC. Fickes Decl., ¶ 1. Eddings is the registered agent for service of process for CDC and WISE. *Id.* On July 28, the Commission's counsel also spoke with Eddings, who is not represented by counsel, about the court proceedings. *Id.*, ¶ 2. Eddings was advised that the hearing on the OSC would take place on August 5 at 2:00 p.m. *Id.*, ¶ 2. Eddings stated that he would be out of town and did not plan to attend the hearing. *Id.*, ¶ 5. Finally, Eddings was advised that if he wished to state his position on the OSC or request a continuance of the hearing, he would have to file the appropriate documents with the Court. *Id.*, ¶ 5.

As of the filing of this statement, the Commission has not been served with an opposition to the OSC by any of the Defendants or Relief Defendants. *Id.*, ¶ 6.

## IV.    ARGUMENT

### A.    Preliminary Injunction

Upon a "proper showing" that defendants have violated the federal securities laws, the Commission may obtain a temporary injunction. *See*, Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(d); and Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-9(d). In particular, Section 21(d) of the Exchange Act provides in relevant part:

> Whenever it shall appear to the Commission that any person is engaged or is about to engage in acts or practices constituting a violation of any provision of this title, [or] the rules or regulations thereunder, . . . it may in its discretion bring an action in the proper district court of the United States . . . to enjoin such acts or practices, and upon a proper showing a permanent or temporary injunction or restraining order shall be granted without bond.

15 U.S.C. § 78u(d). *See also* 15 U.S.C. § 80b-9(d).

A preliminary injunction enjoining violations of the securities laws is appropriate if the Commission makes a substantial showing of likelihood of success as to both a current violation and the risk of repetition.[1] *SEC v. Cavanagh*, 155 F.3d 129, 132 (2d Cir. 1998), citing *SEC v. Unifund*

---

[1] When the Court granted the Commission's *ex parte* application for the TRO, it applied a slightly different standard. At the TRO stage, relief is appropriate upon a showing of *either*: (1) a likelihood of success on the merits and the possibility of irreparable injury; *or* (2) serious questions going to the

**Footnote continued on next page**

*SAL*, 910 F.2d 1028, 1039-40 (2d Cir.1990). The Commission is not required to prove irreparable injury or the inadequacy of legal remedies, as may be required of a private litigant moving pursuant to Federal Rule of Civil Procedure 65. Instead, the relief should be granted when the Commission meets the statutory requirement of showing a likelihood of continued violations of the securities laws, because the agency appears "not as an ordinary litigant, but as a statutory guardian charged with safeguarding the public interest." *SEC v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 808 (2d Cir. 1975). Because the Commission is bringing this action pursuant to its statutory mandate to safeguard the public interest and to enforce the federal securities laws, irreparable injury is presumed. *See U. S. v. Odessa Union Warehouse Co-Op*, 833 F.2d 172, 174-75 (9th Cir. 1987) (holding irreparable injury presumed in federal agency action for injunctive relief); *Navel Orange Admin. Comm. v. Exeter Orange Co.*, 722 F.2d 449, 453 (9th Cir. 1983) (same.).

As set forth in the Commission's memorandum of points and authorities in support of the Application, the Commission is likely to succeed on the merits of its claim that Brown violated the antifraud provisions of the federal securities laws by misappropriating client assets, making materially false and misleading statements in connection with the purchase or sale of securities, and perpetrating a fraud on his investment advisory clients. Moreover, there is good cause to believe that Brown will continue to violate the federal securities laws. As recently as June 2008, Brown has solicited money from new investors promising returns of 30% to 40% <u>per month</u>. Brown also promised an investor a 10% commission on all the money Brown raises from other investors referred to Brown by that investor. In addition, Brown has a new program instructing investors to open brokerage accounts in their own names and then provide Brown their online user identification and passwords to allow Brown to trade online in the investors' accounts. Finally, Brown has not filed an opposition to the OSC.

In granting the Application, the Court has already found that: (1) the Commission demonstrated a likelihood of success on the merits, (2) good cause exists to believe that the defendants have engaged in conduct that violates the federal securities laws, and (3) good cause

---

merits and the balance of hardships tipping sharply in the Commission's favor. In the context of a preliminary injunction, the "serious questions" standard is not applicable.

1  exists to believe that defendants will continue to engage conduct that violates the federal securities
2  laws. *See* TRO, ¶¶ 3, 4 and 5. [Docket No. 17.]  Thus, the Court has already applied the legal
3  standard for granting a preliminary injunction to the facts of this case in issuing the TRO and
4  determined that Defendants and Relief Defendants must show cause why a preliminary injunction
5  should not be issued.  [Docket No. 18.]

6  Based on the Court's findings in granting the TRO, and based on the failure of Defendants or
7  Relief Defendants to respond to the OSC, the Commission respectfully requests that the Court issue a
8  preliminary injunction continuing the relief set forth in the TRO.

### B.  Other Ancillary Relief

10  The TRO also froze Brown's accounts as well as accounts held by WISE and CDC.[2]  An asset
11  freeze is appropriate to prevent waste and dissipation of assets while litigation is pending, and to
12  ensure their availability for restitution and disgorgement.  *E.g., FTC v. H.N. Singer, Inc.*, 668 F.2d
13  1107, 1112-13 (9th Cir. 1982).  Where the Commission has shown that it is likely to succeed on the
14  merits, the mere possibility of dissipation of assets is sufficient to warrant an asset freeze; the
15  Commission does not need to show that dissipation has occurred or is imminent.  *FSLIC v. Sahni*,
16  868 F.2d 1096, 1097 (9th Cir. 1989).  Finally, a freeze on CDC's and WISE's accounts is appropriate
17  where they have received ill-gotten gains to which they do not have a superior legal right.  *SEC v.*
18  *Cavanagh*, 155 F.3d 129, 136 (2d Cir. 1998).

19  Based on the Court's findings in the TRO, and based on the failure of Defendants or Relief
20  Defendants to respond to the OSC, the Commission respectfully requests that the Court issue a
21  preliminary injunction maintaining the order for an accounting, repatriation of assets, expedited
22  discovery, and preservation of documents.[3]

---

[2] The Court did not grant the Commission's request to freeze Eddings' assets.  The Commission is not seeking reconsideration of that ruling at this time and has not proposed freezing Eddings' assets in the [Proposed] Preliminary injunction submitted with this statement.  The Commission respectfully requests that the Court's determination be without prejudice to the Commission seeking leave to freeze Eddings' assets, should additional facts be uncovered in the litigation.

[3] In the TRO, the Court ordered an accounting within five Court days of entry of the TRO.  *See*, TRO ¶ VI.  Defendants have not complied with this provision.

**IV. CONCLUSION**

For the reasons set forth by the Commission in the Application, and in the absence of an opposition to the issuance of a preliminary injunction, the Commission respectfully requests that this Court grant the relief requested.

Dated: August 1, 2008                               Respectfully submitted,


/s/ Mark P. Fickes
Mark P. Fickes
Jeremy E. Pendrey
Attorneys for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION